**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CLOUD SYSTEMS HOLDCO IP LLC**, <br><br> Plaintiff, <br> v. <br><br> **KRAMER ELECTRONICS USA, INC.,** <br><br> Defendant. | Case No.: 3:24-cv-5578 <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Cloud Systems Holdco IP LLC ("Cloud") brings this action for patent infringement against Kramer Electronics USA, Inc. ("Defendant" or "Kramer") seeking relief from patent infringement of the claims of U.S. Patent No. 7,975,051 ("the '051 patent") (referred to as the "Patent-in-Suit").

## THE PARTIES

1.   Cloud Systems Holdco IP is a Texas Limited Liability Company with its principal place of business located in Travis County, Texas.

2.   On information and belief, Defendant is a corporation existing under the laws of Delaware having a regular and established place of business at 6 Route 173 West, Clinton, NJ 08809. According to images available on Google Maps, the Kramer logo is prominently shown on the building at this address.  A capture of one such image is reproduced below:



3.   On information and belief, Defendant sells and offers to sell products and services throughout New Jersey, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in New Jersey and this judicial district. Defendant can be served with process through their registered agent, or wherever they may be found.

## JURISDICTION AND VENUE

4.   This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

5.   This Court has personal jurisdiction over Defendant because: (i) Defendant is present within or has minimum contacts within the State of New Jersey and this judicial district; (ii) Defendant has purposefully availed itself of the privileges of conducting business in the State of New Jersey and in this judicial district; and (iii) Plaintiff's cause of action arises directly from

Defendant's business contacts and other activities in the State of New Jersey and in this judicial district.

6.   Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).  Defendant has committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in New Jersey and this District.

## THE PATENT IN SUIT

7.   U.S. Patent No. 7,975,051, entitled "System and method for managing, routing, and controlling devices and inter-device connections," was duly and legally issued by the United States Patent and Trademark Office (USPTO) on July 5, 2011. A copy of U.S. Patent No. 7,975,051 is attached as **Exhibit A**.

8.   The '051 Patent was filed on May 3, 2007 and claims priority to a provisional application filed on May 3, 2006.  The summary of the invention in the patent specification describes a system and method for managing and routing intercon nections between devices connected via controllable switching devices and controlling the operation of the devices in a given user environment for the purpose of controlling and coordinating the operation of the user environment. In other words, the '051 Patent relates to a system and method for managing, routing and controlling devices and inter-device connections located within an environment to manage and control the environment using a control client.

9.  The '051 Patent has been extensively cited in patent applications and granted patents by some of the most recognizable names in electronics, including General Electric Company, Casio Hitachi Mobile Communications Co., Ltd., Amazon Technologies, Inc., Synaptics Incorporated, Samsung Electronics Co. Ltd., and Sonos, Inc.

10. Cloud Systems Holdco IP LLC owns the '051 patent by assignment.

## COUNT I – INFRINGEMENT OF 7,975,051

11. The preceding paragraphs are incorporated by reference as if fully restated herein.

12. Defendant maintains, operates, and administers systems, products, and services for enabling a method for controlling an environment that infringes one or more claims of the '051 patent, including one or more of claims 1-27, literally or under the doctrine of equivalents. Defendant puts the inventions claimed by the '051 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service.  Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

13. Support for the allegations of infringement may be found in the the chart attached as **Exhibit B**.  These allegations of infringement are preliminary and are therefore subject to change.

14. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of their related companies), and continues to do so, on how to use its products and services (e.g., system for controlling an environment, comprising: a server comprising a database and an application service adapted to communicate via a first interface and a second interface) and related services such as to cause infringement of one or more of claims 1-27 of the '051 patent, literally or under the doctrine of

equivalents.  Moreover, Defendant has known of the '051 patent and the technology underlying it from at least the issuance of the patent.[1] For clarity, direct infringement is previously alleged in this complaint.

15. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of their related companies), and continues to do so, on how to use its products and services (e.g., system for controlling an environment, comprising: a server comprising a database and an application service adapted to communicate via a first interface and a second interface) and related services such as to cause infringement of one or more of claims 1-27 of the '051 patent, literally or under the doctrine of equivalents.  Moreover, Defendant has known of the '051 patent and the technology underlying it from at least the issuance of the patent.[2] For clarity, direct infringement is previously alleged in this complaint.

16. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement and contributory infringement) the claims of the '051 patent.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on issues so triable by right.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a.   That this Court enter judgment that Defendant has infringed the claims of the '051 patent;

b.   That this Court award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patent-in-Suit in an amount no less than a reasonable

---

[1] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[2] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.  That this Court award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d.  That this Court declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e.  That this Court declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f.  That this Court a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patent-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g.  That this Court award Plaintiff such other and further relief as this Court deems just and proper.

DATED: April 16, 2024          Respectfully submitted,

By: */s/David L. Hecht*
David L. Hecht
dhecht@hechtpartners.com
**HECHT PARTNERS LLP**
125 Park Avenuem 25th Floor
New York, NY 10017
Tel: (212) 851-6821

6

William P. Ramey, III (*pro hac vice* forthcoming)
wramey@rameyfirm.com

5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

**Attorneys for CLOUD SYSTEMS HOLDCO IP LLC.**